# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**EVELYN PARKER,**

    **Plaintiff,**

v.

    Civil Action 2:10-cv-00971
    JUDGE GREGORY L. FROST
    Magistrate Judge E.A. Preston Deavers

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of the January 26, 2012 Report and Recommendation of the Magistrate Judge. (ECF No. 14.) The Magistrate Judge recommended that the Court remand this case for further consideration. On February 13, 2012, the Commissioner of Social Security ("Commissioner") filed his Objections to the Report and Recommendation. Plaintiff has since responded in support of the Report and Recommendation. For the following reasons, the Commissioner's Objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**.

### I.

Plaintiff seeks social security disability insurance benefits due to a variety of conditions including chronic back problems and morbid obesity. On August 28, 2009, an administrative law judge ("ALJ") issued a decision finding that Plaintiff was not disabled. The ALJ concluded that Plaintiff suffered from several severe impairments including lumbar degenerative disc disease and morbid obesity. The ALJ determined, however, that Plaintiff retained the residual

functional capacity ("RFC") to perform a reduced range of sedentary work. In reaching this conclusion, the ALJ gave little weight to the restrictions Dr. John C. O'Conner, Plaintiff's treating physician, assigned to Plaintiff.[1] The ALJ concluded that Dr. O'Connor's physical examinations of Plaintiff did not support the restrictions he assigned. Additionally, the ALJ concluded that Dr. O'Connor failed to provide sufficient justification for his conclusions on the opinion form.

Plaintiff filed her Statement of Errors, contending that the ALJ relied on his own expertise to supplant the opinions of Dr. O'Connor. Upon review of the record, the Magistrate Judge concluded that substantial evidence does not support the ALJ's decision. The Magistrate Judge specifically found that the ALJ relied on his own medical judgment in weighing Dr. O'Connor's opinions and assigning Plaintiff's RFC.

## II.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*,

---

[1] Dr. O'Connor assigned Plaintiff various limitations that were more restrictive than the ALJ's ultimate RFC.

2

486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.' " *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal; citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### III.

In his Objections, the Commissioner contends that the ALJ reasonably evaluated the medical opinion evidence. The Commissioner asserts that the ALJ properly balanced competing evidence to arrive at his RFC determination. Additionally, the Commissioner indicates that the ALJ was justified in rejecting Dr. O'Connor's opinion because Dr. O'Connor failed to provide adequate justification for the limitations he assigned.

A claimant's RFC is an administrative determination ultimately reserved to the Commissioner and is not equivalent to opinions of medical sources. 20 C.F.R. § 404.1527(d)(2); SSR 96-5p, 1996 WL 374183, at *4 (July 2, 1996). Nonetheless, an ALJ's conclusions must still

3

be supported by substantial evidence. *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745–46 (6th Cir. 2007). Furthermore, in determining a claimant's RFC an ALJ must consider all relevant evidence, including medical source statements regarding the nature and severity of impairments and a claimant's physical restrictions. *See* 20 C.F.R. § 404.1527(b). Finally, as the Magistrate Judge noted, in reaching disability determinations, an ALJ must not substitute his or her own lay medical judgment in place of a treating physician's opinions. *Bledsoe v. Comm'r of Soc. Sec.*, No. 1:09cv564, 2011 WL 549861, at *7 (S.D. Ohio Feb. 8, 2011) (citing *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009)). Nor may an ALJ "make her own independent medical findings." *Id.*

Upon review of the record and briefing, the Court agrees with, and adopts, the reasoning and conclusions of the Magistrate Judge. The ALJ, relying apparently on his own medical judgment and evaluation of Plaintiff's treatment notes, concluded that the medical evidence did not support the restrictions Dr. O'Connor assigned Plaintiff. Such a conclusion, however, is not obvious from the record. As the Magistrate Judge detailed:

> The record in this case documents Plaintiff's extensive medical history, including over three years of examination notes describing Dr. O'Connor's regular treatment of Plaintiff. Plaintiff has received treatment for various conditions including back and shoulder complications. She is also morbidly obese. A January 2007 MRI, which Dr. O'Connor ordered, revealed "[l]eft paramidline and foraminal disc herniation at L4-5 impinging on the left L4 nerve root and the foramen" as well as "[d]egenerative changes in the facet joints . . . bilaterally at L4-5 and L5-S1." (R. at 277.)

(Report & Recommendation 21, ECF No. 13.) Furthermore, contrary to the Commissioner's implication, normal findings do not predominate Dr. O'Connor's treatment and examination notes. Rather, Dr. O'Connor's notes reflect a mixture of normal and abnormal findings. In light of Plaintiff medical history, the ALJ was not entitled to rely on his own judgment that the

4

medical evidence did not support the restrictions Dr. O'Connor assigned.

Furthermore, given the circumstances of this case, the ALJ was not justified in dismissing Dr. O'Connor's opinions as conclusory. The Commissioner is certainly correct, and cites various authority to support the notion, that an ALJ need not accept opinions that are conclusory. The Commissioner, however, fails to address the Magistrate Judge's observation that Dr. O'Connor's opinions must be read in the context of the entire record. Dr. O'Connor indicated that he assigned the restrictions at issue based on his findings of pain and obesity. (R. at 338–39.) Dr. O'Connor's treatment notes and opinions indicate that Plaintiff is morbidly obese and experiences pain associated with a chronic lower back condition. (*See, e.g.*, R. at 272.) Furthermore, Dr. O'Connor's treatment records reflect objective evidence of Plaintiff's back condition. For example, a January MRI of Plaintiff's lumbar spine, which Dr. O'Connor ordered, revealed disc herniation and degenerative changes. (R. at 277.) Considering these factors, the ALJ could not simply dismiss Dr. O'Connor's opinions as conclusory.

Even if the ALJ had correctly assigned little weight to Dr. O'Connor's opinions, substantial evidence does not support the ALJ's RFC assessment. From the current record, it is unclear that the ALJ adequately accounted for the medical evidence in assigning Plaintiff's physical RFC. The ALJ rejected or gave little weight to all of the medical opinions concerning Plaintiff's physical RFC. In outlining the evidentiary basis for his RFC determination, however, the ALJ did not rely on non-medical evidence to determine Plaintiff's abilities. Instead, the ALJ based his physical RFC conclusions on his own step-by-step analysis of what limitations should result from Plaintiff's medical conditions. (R. at 17.) As the Magistrate Judge recognized, "given the relative complexity of Plaintiff's conditions and the medical record in this case, the

ALJ erred in relying on his own medical interpretations to reach his RFC determination." (Report & Recommendation 23, ECF No. 13.)

## IV.

For the above reasons, as well as the reasoning articulated by the Magistrate Judge, the Commissioner's Objections (ECF No. 14) are **OVERRULED** and the Report and Recommendation (ECF No. 13) is **ADOPTED**. This case is **REMANDED** to the Commissioner for further proceedings.

**IT IS SO ORDERED.**

    /s/   Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**